# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EYLEEN MATIAS,**

    **Plaintiff,**

**v.**      Case No: 6:17-cv-1422-Orl-40GJK

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 6)** |
| **FILED:** | August 9, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

## I. FACTUAL BACKGROUND

On June 13, 2017, Plaintiff filed a complaint against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, for a slip and fall on a foreign transitory substance in Defendant's store. Doc. No. 2. On August 2, 2017, Defendant removed the action to this Court. Doc. No. 1. On August 9, 2017, Defendant filed an Answer and a motion to strike paragraphs 7, 9, and 10 from the Complaint (the "Motion"). Doc. Nos. 5, 6. On August 29, 2017, Plaintiff filed her response to the Motion (the "Response"). Doc. No. 13.

Defendant argues that paragraphs 7, 9, and 10 should be stricken as immaterial and impertinent because they "conflate the legal standard and assert claims related to Defendant's

'mode of operations,' which are immaterial and impertinent under the existing law of Florida as the negligent mode of operation theory has been abrogated by the enactment of Florida Statute § 768.0755." Doc. No. 6 at 3. Plaintiff responds that the "paragraphs are not, solely, based on a negligent mode of operation." Doc. No. 13 at 1. Plaintiff also argues that Defendant failed to demonstrate prejudice from the paragraphs' inclusion. *Id.* at 3.

## II. MOTION TO STRIKE STANDARD

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is subject to the Court's discretion. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Motions to strike are generally disfavored due to their drastic nature. *Thompson v. Kindred Nursing Ctrs., E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)).[1]

## III. ANALYSIS

Plaintiff alleges that she slipped and fell on a foreign transitory substance at Defendant's store.[2] Doc. No. 2. Before 2010, Florida permitted slip and fall claims without plaintiff having to prove the defendant's actual or constructive notice of the foreign transitory substance based on a negligent mode of operation theory. Fla. Stat. § 768.0710(2)(b) (2008). In 2010, the Florida Legislature enacted § 768.0755, which specified that "the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.
[2] It is not clear if Plaintiff slipped on soap or fruit. Compare Doc. No. 2 ¶ 7 ("pink colored soap") with ¶ 10(d) ("fruit").

should have taken action to remedy it." Fla. Stat. § 768.0755(1) (2010). Defendant argues that paragraphs 7, 9, and 10 should be stricken because "plaintiffs are no longer able to assert a cause of action based on negligent mode of operation." Doc. No. 6 at 5. Plaintiff agrees that there is no longer a negligent mode of operation theory for a slip and fall on a transitory substance in Florida, but argues that the paragraphs are not alleged as claims for negligent mode of operation. Doc. No. 13 at 2.

Defendant relies on *Woodman v. Bravo Brio Restaurant Group, Inc.*, No. 6:14–cv–2025–Orl–40TBS, 2015 WL 1836941 (M.D. Fla. Apr. 21, 2015). Doc. No. 6 at 3, 5-7. In *Woodman*, this Court granted the defendant's motion to strike the mode of operation theory from the plaintiff's slip and fall complaint based on § 768.0755(1) eliminating the cause of action. No. 6:14–cv–2025–Orl–40TBS, 2015 WL 1836941, at *3. The paragraph stricken from the complaint in *Woodman* specifically stated that the defendant breached a duty owed to the plaintiff by "negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein." No. 6:14–cv–2025–Orl–40TBS, Doc. No. 2 at ¶ 9(j). Here, however, there is no specific allegation of a negligent mode of operation in paragraphs 7, 9, and 10.

All of the allegations in paragraphs 7, 9, and 10 pertain to the condition of the floor and constructive knowledge of it. In paragraph 7, the allegation is that Defendant "[a]t said time and place, . . . carelessly and negligently maintained said premises when Plaintiff . . . was walking in the lobby area [and] slipped and fell on a transitory foreign substance, pink colored soap, which was allowed to remain on the floor causing her to fall." Doc. No. 2 at ¶ 7. Paragraph 9 alleges that Defendant owed Plaintiff "a duty to exercise reasonable care to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as dangerous conditions on its premises and at

a minimum to warn Plaintiff of any such conditions." Doc. No. 2 at ¶ 9. Paragraph 10, subparagraphs a, b, and c, allege that Defendant breached its duty of care owed to Plaintiff by failing to warn her (a) of the transitory substance's dangerous condition, (b) "that due to their employees['] improper maintenance of the floor, it would create a hazardous condition associated with a transitory substance;" and (c) "of the hidden or concealed transitory substance in the area where the accident occurred, which was solely created and caused by Defendant['s] . . . negligence." Doc. No. 2 at ¶ 10(a)-(c). Paragraph 10, subparagraph (d) alleges a failure "to maintain a clean floor so as to prevent fruit from creating a dangerous condition on the floor . . . ." Doc. No. 2 at ¶ 10(d).

These paragraphs are not susceptible to the sole interpretation of a claim for negligent mode of operation. Paragraphs 7, 9, and 10, subsections (a) through (d), pertain to the condition of the floor, constructive knowledge of the transitory substance on it, and the breach of duty to address it on that day. The allegations in those paragraphs do not seek to avoid the actual or constructive knowledge requirement and do not necessarily preclude it. Doc. No. 2 at ¶ 10(a)-(c).

Paragraph 10, subparagraph (e) alleges that Defendant failed "to properly provide training to their employees regarding the proper maintenance and inspection of floors, so as to prevent transitory substances from accumulating on the floor causing a danger to invitees such as Plaintiff . . . ." *Id.* at (e). This subparagraph is relevant to whether Defendant breached its duty owed to Plaintiff by failing to properly train its employees if it did have constructive knowledge of the transitory substance.

In short, striking paragraphs 7, 9, and 10 is not justified based on Defendant's concerns that a mode of operation claim might have been pleaded. Unlike *Woodman*, where the abrogated claim for negligent mode of operation was specifically pleaded, here there are no specific

allegations of such a claim. In the Response, Plaintiff reiterates that she is not bringing such a claim. Doc. No. 13 at 2. Paragraphs 7, 9, and 10 are not so immaterial and impertinent as to warrant striking them from the Complaint.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 6) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on November 6, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record